[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves the dissolution of the marriage between the parties. The marriage was entered into on December 21, 1975. There were no children issue of the marriage. The parties have lived separate and apart since March 19, 1993. This action was commenced on April 20, 1993.
The marriage was the plaintiff's third marriage and the defendant's second.
The plaintiff is 57 years of age and the defendant is 62 years of age.
The plaintiff has less than one year of college education. She has employment experience in real estate and retail jewelry sales. CT Page 5284-FFFF
The defendant is a retired engineer and business executive.
The trial of this case involved numerous medical experts' opinions as to the plaintiff's employment capacity; and witnesses describing the value of the assets of the parties. In addition, the parties testified as to their marital history, assets, health and claims.
The court finds that the defendant enjoys good health but was encouraged to retire and is unlikely to find employment as an engineer or business executive. His income includes a weekly pension benefit of $1,104, weekly social security of $224.77 and interest/dividend income of $60 a week. The defendant also will receive additional income from substantial retirement savings accounts.
The plaintiff has numerous health problems, however, such problems do not disable her from employment. The plaintiff can and should work and the court is attributing to her an employment earning capacity as a real estate sales person or jewelry store/retail worker of at least $15,000 annually.
The plaintiff seeks a 50/50 split of all assets including the pension which defendant is receiving. In the alternative, plaintiff advocates alimony for ten years.
The defendant advocates a split of the assets which he characterizes as equal. The defendant requests that his pension be treated as a source of income rather than an asset; and proposes alimony for a ten-year term, but at lower rates.
The court will not treat the U.T.C. pension which was earned both before and during the marriage as a marital asset. The court awards alimony from the pension income as follows: for a period of five years from the date of judgment $500 a week; for an additional period of five years alimony at the rate of $250 a week. The five year differentiation would take into account the plaintiff's ability to collect social security benefits in five years.
The alimony should under no circumstances be extended beyond the ten year term. The alimony should terminate upon the plaintiff's remarriage or the death of either party. CT Page 5284-GGGG
The alimony shall be secured in part by the defendant's maintenance of life insurance in the amount of $100,000 on the defendant's life for the plaintiff's benefit for five years; such policy may be reduced to $50,000 for the balance of the period for which alimony is being paid. The parties' assets consist of the following items:
 332 1/2 Vernon Avenue, Vernon, Conn. Fair market value $200,000, with equity of approximately $50,000.
 Defendant's deferred compensation plans, stocks, bonds, brokerage accounts in the total amount of approximately $516,000.
 Defendant's credit union accounts totaling approximately $13,500.
 Plaintiff's bank accounts, escrow and stock valued at approximately $8,000.
Plaintiff's IRA in the amount of $14,400.
The parties, in addition, have miscellaneous personal items including furniture, one automobile each and small collections.
Major disputes existed at trial over the plaintiff's former jewelry business inventory and the loss of valuable coins by a Massachusetts dealer.
The inventory was sold by the plaintiff for $4,000 during the course of litigation. It was evaluated by plaintiff's business at nearly $250,000 and evaluated by defendant's expert at $287,000. The court finds the value of such property to be $150,000. The inventory was fraudulently transferred by plaintiff during the pendency of the dissolution litigation, and defendant is entitled to have such value included in the marital assets. See Watson v. Watson,221 Conn. 698 (1992).
Plaintiff argues that the coin loss which exceeded $100,000 should be added to the marital assets and assigned to the defendant. The evidence established that the coin investment was a joint decision, and the interest of the parties in such coins was and is being pursued in CT Page 5284-HHHH Massachusetts courts. In view of the defendant's pursuit of the claim in Massachusetts and the speculative value of such claim, the claim for the coins is awarded to the defendant.
Crediting plaintiff with the difference between the value of the business inventory and the price reportedly received would assign to plaintiff marital assets in the amount of $146,000. Plaintiff is also awarded all interest and equity in the marital home (Vernon Avenue), a value of $50,000. Further, plaintiff is awarded the Paine Webber RMA account ($61,500.82); Quick Reilly account ($2,950); reinvestment plans $11,658.48; her Fidelity IRA ($14,369); plaintiff's bank accounts, stocks and escrow account ($7,522); Amica Insurance and Knights Cabinet checks ($681); $10,000 from defendant's credit union account; the 1990 Oldsmobile Regency ($9,000); personal property in residence ($10,000); and stamp collection ($600).
The defendant is further ordered to transfer by QUADRO (Qualified Domestic Relations Order) $70,000 of his Paine Webber IRA.
The plaintiff is thus assigned assets of a total value of approximately $380,000. Defendant is left with approximately $370,000 in his IRA, his car ($11,000); $3,500 in his credit union and some modest personal effects.
Plaintiff has incurred extensive legal fees and medical expenses. The plaintiff's expenses are due in substantial part to her use of four successive law firms, and excessive medical treatment. Plaintiff will be responsible for and hold defendant harmless as to al [all] her debts listed on her financial affidavit.
Plaintiff will also assume and hold plaintiff harmless on the mortgage and taxes on the Vernon Avenue property.
The marriage is ordered dissolved.
McWeeny, J. CT Page 5284-IIII